**Tagged Opinion**

ORDERED in the Southern District of Florida on 2/27/09



_____
John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          :
                                                :    Case No. 08-24643-BKC-JKO
**JASHIRA VANNESSA PEREZ,**                     :
                                                :    Chapter 13
    Debtor.                  :
_____               :

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR RELIEF FROM
THE AUTOMATIC STAY [DE 23] AND TO SHOW CAUSE**

**THIS MATTER** came before the court on February 17, 2009, upon the continued hearing

of US Bank National Association, as Trustee for GSAA Home Equity Trust 2006-3's (the "Secured

Creditor") Motion for Relief from the Automatic Stay (the "Motion") [DE 23]. The Motion

originally came on for hearing on January 6, 2009, which resulted in a short continuance to provide

the Secured Creditor an opportunity to file a memorandum of law in support of its request for

payment of attorney's fees and costs on its undersecured loan. After reviewing the Secured

Creditor's Memorandum of Law in Support (the "Memorandum") [DE 45], and in wake of the

February 17, 2009, hearing, I conclude that the Secured Creditor has met its burden as to stay relief

and I will permit it to pursue its state court rights as to the real property in question. However, there

is no statutory basis to allow an undersecured creditor to receive legal fees and costs, and thus that

portion of the relief sought must be denied.

## ANALYSIS

The Creditor advances the argument that it ought to be allowed to pursue attorneys' fees,

arising from an undersecured claim,[1] in state court. The crux of this position is laid out in the

Memorandum. Secured Creditor would have me believe that since it has not filed a proof of claim,

it is not a creditor of the Debtor's estate. Instead, Secured Creditor offers that it is merely moving

on its claim against the property since it elected not to file a proof of claim in this proceeding. This

reasoning is fundamentally flawed. The Debtor entered into a mortgage on real property secured by

a note. Indeed the property itself is encumbered by a security interest, however, liability also resides

with the Debtor. The Debtor herself recognizes this debt obligation in her schedules. *See* "Schedule

D" in [DE 1]. Thus, the Secured Creditor holds a secured claim as understood by the definitions

prescribed in sections 101(5),101(50) and 101(51) of the Bankruptcy Code, albeit one which cannot

---

[1]There is no genuine dispute that the property value is well inferior to that of the subject debt; the Secured Creditor in the Motion values the property at $235,340 and provides a copy of the pre-petition state court Summary Final Judgment in Foreclosure which liquidated the debt at $319,429.63.

be allowed under § 502 because no proof of claim has been filed.

## I. Undersecured Claims for Attorneys' Fees

A secured creditor's claim may include interest, fees and costs pursuant to 11 U.S.C. §

506(b). That provision states:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b) (2009). It is evident that oversecured creditors may seek reasonable attorneys'

fees if such are provided for by statute or contract. However, it is settled in the Southern District of

Florida that, "Pursuant to the pertinent language of § 506(b) regarding the recovery of attorney fees

and costs against an insolvent estate, it is clear that only an oversecured creditor is allowed recover

for same if attorney fees and costs are reasonable and were accounted for in an agreement under

which the claim arose." *In re Southeast Banking Corporation*, 188 B.R. 452, 462 (Bankr. S.D. Fla.

1995). Further, "...if Congress intended to treat oversecured and unsecured debts similarly with

respect to the allowance of attorney fees and costs against an insolvent estate, it would have

specifically provided for the same treatment." *Id.*

Such a concept is hardly unique to the Southern District of Florida. The United States Court

of Appeals for the Fifth Circuit has made clear, "*Section 506(b)* allows an *oversecured* creditor to

obtain full payment of its attorneys' fees, but only to the extent that it is oversecured. By negative

implication, undersecured creditors are not entitled to full payment of attorneys' fees." *In re Nair*,

202 Fed.Appx. 765, 766 (5th Cir. 2006). The United States Bankruptcy Court for the District of

Maryland has held, "Just as an undersecured creditor cannot include attorney's fees incurred in the

-3-

representation of the creditor in the bankruptcy case as part of such creditor's claim, the unsecured creditor also has no basis to include in its claim these post-petition charges." *In re Smith*, 206 B.R. 113, 115 (Bankr. D. Md. 1997) (internal citation omitted).

The United States Bankruptcy Court for the Eastern District of Pennsylvania has similarly held, "[T]he statute provides that only an oversecured creditor is entitled to post-bankruptcy interest, attorney's fees and costs." *In re Plymouth House Health Care Center*, 2005 Bankr. LEXIS 1992, 16 (Bankr. E.D. Penn. 2005). Further, "[A]n unsecured creditor or an undersecured creditor is not entitled to recover postpetition fees and costs arising from its claim." *Id.* at 17 (citing *In re Loewen Group International, Inc.*, 274 B.R. 427, 444 (Bankr. D. Del. 2002)). The United States Bankruptcy Court for the Eastern District of Virginia has also made this point abundantly clear. See, e.g., *In re Hersch*, 84 B.R. 430, 431 (Bankr. E.D. Va. 1988).

As Judge Hyman notes, there is case law to suggest that unsecured creditors[2] may seek attorneys' fees as part of their unsecured debt in an insolvent estate. *Southeast Banking Corp.* at 463.[3] Since the Secured Creditor here is seeking relief outside of the bankruptcy process, such is largely immaterial, but it should be noted that the key case in question - *In re United Merchants & Manufacturers, Inc.*, 674 F.2d 134 (2nd Cir. 1982) - was decided pursuant to provisions of the Bankruptcy Act. Suffice it to say that this reasoning does not apply under the current statute. As one court observes:

---

[2] It should be recognized that in the event of an undersecured claim, a bifurcation process takes place such that the claimant is left with two claims: one secured and one unsecured. Hence the applicability of the treatment of unsecured claims to the instant matter.

[3] The insolvency of the estate in this matter is not presently in question. It should, however, be understood that the substance of this Order is inapplicable to solvent estates for panoply of reasons.

> United Merchants was decided under the Bankruptcy Act, although the court discussed *section 506(b) of the Bankruptcy Code*, which had been enacted by the time the opinion was written. The court held that *section 506(b)* merely codified the pre-1978 right of oversecured creditors to recover contractual attorneys' fees and was not intended to change the pre-Code decisions allowing undersecured and oversecured creditors to recover contractual attorneys' fees. Based on its interpretation of *sections 506(a)* and *(b)* when those provisions are read together, this court does not believe that the United Merchants result was intended by congress.

*In re Saunders*, 130 B.R. 208, 211 (Bankr. W.D. Va. 1991). The same court goes on to plainly observe, "An undersecured or unsecured creditor cannot recover contractual attorneys' fees for work performed postpetition." *Id.* at 214; see, also, *In re Miller*, 344 B.R. 769, 773 (Bankr. W.D. Va. 2006) (holding that "...an undersecured or unsecured creditor cannot properly be allowed an unsecured claim against the bankruptcy estate for post-petition contractual attorneys' fees.").

**II. State Court Treatment of Debtors**

Having established that the Secured Creditor cannot seek attorneys' fees - as either a secured or unsecured claim - in bankruptcy court, it is appropriate to explain just why it may not, either, seek such a remedy in state court. It is curious to me that the Secured Creditor is pursuing such relief. If the bankruptcy fees sought are awarded by the state court, it is necessarily the case that they are uncollectible – but only in the event that the Debtor's bankruptcy case succeeds. If it does, any debt liability pertaining to such awarded fees will be discharged as an *in personam* liability to the Debtor. As noted above, it is highly unlikely that the Secured Creditor will collect such fees *in rem* in a foreclosure scenario as the property value is admittedly well underwater. Thus, there is absolutely no financial or economic reason to pursue such *in rem* relief, unless such action could *ipso facto* create *in personam* liability. If the case were ultimately to fail and to be dismissed, then it would follow that the Debtor's personal liability will not be discharged. Given the relatively low ratio of

discharges issued in Chapter 13 cases compared to the total number of such proceedings, it would appear to be a fair assumption that the Secured Creditor is playing the numbers – liquidating fees and costs and receiving a judgment in state court for amounts that otherwise would not be permitted under the Bankruptcy Code, based on the good chance that these fees could be collected against the Debtor if the case fails and is dismissed. In the end it would seem that the only purpose for seeking these fees is the hope that the fee will eventually become an *in personam* claim against the Debtor.

I am left wondering whether this is a constructive, potential, or wilful violation of the automatic stay. It must be understood that relief from the automatic stay imposed by 11 U.S.C. § 362 is not meant as a runaround of the bankruptcy process. Relief from the automatic stay, rather, is granted in a narrow band of situations, delineated in § 362. To the extent such relief is appropriate here, it is only fitting because it is evident that the Debtor lacks any equity interest in the property and such property is not necessary to effectuate a successful reorganization of the Debtor's financial situation - the conditions, outlined in 11 U.S.C. § 362(d)(2)(A). Further, cause exists pursuant to 11 U.S.C. § 362(d)(2)(A) to grant the relief sought due to non-payment which resulted in a prepetition state court Summary Final Judgment in Foreclosure.

Accordingly, relief from the automatic stay - especially as applied here - is warranted and constitutes solely an *in rem* privilege. The Secured Creditor is being permitted to pursue its interest in a piece of property and, necessarily attendant to such a pursuit, the Secured Creditor must take certain limited actions involving the Debtor. Those actions, however, are strictly limited to matters involving the subject property. Relief from the automatic stay does not permit the Secured Creditor to pursue the Debtor *in personam* outside of bankruptcy court. Section 506 prevents me from providing precisely this variety of relief – i.e., I have no authority to authorize relief from the stay

-6-

to pursue fees and costs for undersecured debt. Any suit against the Debtor personally, whether it be for non-liquidated[4] attorneys' fees, costs or a security interest deficiency, is well beyond the scope of the relief granted in a situation such as this and will be construed as a constructive violation of automatic stay. Any such state court award would constitute a contingent liability against the Debtor and thus must be construed as action in furtherance of an attempt to pursue debt collection against the Debtor in direct violation of the Bankruptcy Code.

When questioned at the February 17th hearing as to why the Secured Creditor was pursuing relief that has absolutely no financial or economic benefit, I was provided with no coherent response, only confirming my initial assumption that the Secured Creditor is playing bankruptcy roulette in which the odds favor them better than the house at any local casino. I want to be abundantly clear that there is no distinction under the Bankruptcy Code as to fees incurred in my court or in a state court subsequent to the filing of this case, or in connection with any other petition for relief under Title 11. To assume that once relief from the stay is granted an undersecured creditor may pursue bankruptcy professional fees, any foreclosure professional fees, or interest on the principal in state court which has not been liquidated prior to filing, is a contructive violation of the automatic stay.

I raise this only inasmuch as it has come to my attention that in a similar situation the Secured Creditor's attorneys have engaged in similar behavior and that it is my intuition that this is a

---

[4]The attorney's fees, cost and interest awarded in the original pre-petition Summary Final Judgment in Foreclosure are liabilities against the Debtor inasmuch as the Judgment has replaced the note and mortgage. An order of final judgment serves to replace the underlying mortgage that has been effectively foreclosed. See, e.g., *In re: A&P Diversified Technologies Realty, Inc.*, 467 F.3d 337, 341 (3rd Cir. 1987). Of course, it is not uncommon for such an order to incorporate the terms of the underlying mortgage by way of merger, but the fact nonetheless remains that it is the judgment - not the mortgage - that controls.

common practice by the relief from stay crowd and their counterparts on the state court foreclosure side. Secured Creditor's counsel, the Law Offices of David J. Stern, P.A., representing a different client in another case – *In re Wagstaff*, 08-16086-BKC-JKO – moved for stay relief and I granted such relief.[5] Subsequently to the entry of my order, state court counsel, Florida Default Law Group, P.L., moved to amend the Final Summary Judgment of Mortgage Foreclosure in part to increase interest payments by $24,904.73. See, case number: CACE07029756, in the Florida Circuit Court, 17th Judicial Circuit. Based on my reasoning above, this is a constructive violation of the automatic stay and I will ask counsel to appear before me and explain why such conduct is not.

Based on the reasoning above it is **ORDERED** that:

1.   Secured Creditor's Motion [DE 23] is **GRANTED** in part and **DENIED** in part.

2.   The automatic stay imposed by 11 U.S.C. § 362 is lifted with respect to real property located at 13120 Southwest 42nd Street, # 14103, Miramar, Florida 33027, legally described as:

> **UNIT NO. 14103 OF BANYAN BAY, A CONDOMINIUM TO THE DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 39067, PAGE 1661, AND ALL EXHIBITS AND AMENDMENTS THEREOF, PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

3.   This Order lifting the automatic stay is entered for the sole purpose of allowing US Bank National Association, as Trustee for GSAA Home Equity Trust 2006-3, its Successors and/or Assigns to pursue its lawful *in rem* remedies as to the above-described property and said creditor shall neither seek nor obtain an *in personam* judgment against the Debtor(s).

4.   Secured Creditor's request to seek its attorneys' fees and costs incurred in filing the Motion is **DENIED**. Secured Creditor and its counsel are not permitted in this case

---

[5]Recognizing that this is a pending Chapter 7 case and that the chances of discharge are much greater, and that I inadvertently permitted the undersecured creditor in that case to pursue bankruptcy fees in my order lifting the stay [DE 46] in 08-16086-BKC-JKO, the actions taken implicate my concern in this and other Chapter 13 cases.

or any other similarly situated case to pursue fees and costs in violation of Sections 362 or 506 of the Bankruptcy Code.

5.    Representatives for the Law Offices of David J. Stern, P.A. and the Florida Default Law Group, P.L. **shall appear in person** before the Court on **Tuesday, April 7, 2009** at **11:00 a.m., in Courtroom 301, United States Courthouse, 299 E. Broward Boulevard, Ft. Lauderdale, Florida 33301**, and show cause why they are not in constructive violation of the automatic stay. Briefs as to the merits of such conduct may be submitted no later than Monday, April 3, 2009, with a courtesy copy emailed to my Law Clerk at jedd_bellman@flsb.uscourts.gov.

# # #

Copies furnished to:

William W. Huffman
P.O. Box 25018
Tampa, FL 33622-5018

Audrey J. Dixon, Esq.
900 South Pine Island Road, Suite 400
Plantation, FL 33324

Attorney Dixon is directed to serve a conformed copy of this order on all other interested parties and to file a certificate of service within 10 days.